UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANE HAPPEL,

Petitioner,

v. Case No. 8:24-cv-1970-JLB-AEP

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent.
________________________________/

## ORDER DISMISSING PETITION

Mr. Happel, a Florida prisoner proceeding through counsel, filed a petition for a writ of habeas corpus (petition) (Doc. 2), and a memorandum in support. (Doc. 8). Respondent filed a response (Doc. 11) in which he moved to dismiss the petition as time-barred. Petitioner responded. (Doc. 14). After careful review, the Court grants Respondent's motion to dismiss because the petition is time-barred.

**Procedural Background**

Mr. Happel was convicted of attempted first-degree murder, felonious possession of a firearm, aggravated assault, fleeing to elude a law enforcement officer, and two counts of leaving the scene of a crash involving property damage. (Doc. 11–2 at 8–14). He was sentenced to life in prison on the attempted murder charge, 15 years each on the possession of a firearm and fleeing charges, five years on the aggravated assault charge, and time served on the leaving the scene of a

crash charges. (*Id.* at 16–24). His convictions and sentences were affirmed on appeal on May 11, 2018. (*Id.* at 29). The appellate court denied his motion for rehearing and request for a written opinion on August 7, 2018. (*Id.* at 31). The appellate court's mandate was issued on December 6, 2018. (*Id.* at 26).

On December 6, 2019, Mr. Happel, through counsel, filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. (*Id.* at 33–77). After the post-conviction court gave Mr. Happel leave to amend (*id.* at 79–85), he filed an amended Rule 3.850 motion on March 2, 2020. (*Id.* at 87–135). The amended Rule 3.850 motion was denied on July 15, 2020. (*Id.* at 154–58). The denial was affirmed in part and reversed in part on appeal. (*Id.* at 162–66). After remand and an evidentiary hearing, the post-conviction court denied the amended Rule 3.850 motion. (*Id.* at 175–80). The appellate court affirmed on July 10, 2024 (*id.* at 187–88) and issued its mandate on September 6, 2024. (*Id.* at 190–91). Mr. Happel filed his initial federal habeas petition on August 21, 2024. (Doc. 2).

**Discussion**

Respondent moves to dismiss the petition as time-barred. (Doc. 11). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations within which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). Section 2244(d)(1) provides:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

For purposes of the AEDPA, the relevant one-year limitations period applicable here runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). And under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

After Mr. Happel's judgment was affirmed on May 11, 2018 (Doc. 11-2 at 29), his motion for rehearing was denied on August 7, 2018. (*Id.* at 31). Thus, his

convictions became final 90 days later, on Monday, November 5, 2018. *See* Sup.Ct.R. 13.3 ("[I]f a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* considers rehearing, the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing . . . ."); *Chavers v. Secretary, Florida Dept. of Corrections*, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (judgment of conviction becomes "final" after the expiration of the 90–day period in which the petitioner could have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's mandate) (citing *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (judgment became "final" ninety days after state supreme court denied defendant's motion for rehearing)). Thus, the AEDPA statute of limitations started the next day, Tuesday, November 6, 2018.

The limitations period ran for 365 days and expired on Wednesday, November 6, 2019. Mr. Happel's Rule 3.850 motion was filed on December 6, 2019 (Doc. 11-2 at 76), after the one-year period expired on November 6, 2019. Thus, the motion had no tolling effect. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that a state court post-conviction petition "that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))). Consequently, the federal habeas petition, filed

on August 21, 2024, is untimely.

In his reply (Doc. 14), Mr. Happel contends that his petition is not time-barred because: 1) it is timely under 28 U.S.C. § 2244(d)(1)(B); 2) he is entitled to equitable tolling of the AEDPA's limitations period; and 3) he is actually innocent of his convictions.

A. The petition is not timely under section 2244(d)(1)(B)

Mr. Happel contends that section 2244(d)(1)(B) should apply here because under Florida law, he was unable to file his state Rule 3.850 motion until after the state appellate court issued its mandate on December 6, 2018, one month after the AEDPA's limitations period started. His inability to initiate his Rule 3.850 proceeding during that month, he argues, reduced his one–year federal habeas filing period by one month. He argues that this amounts to a state-created impediment to his filing for federal habeas relief. The Court disagrees.

Section 2244(d)(1)(B) applies only to an impediment created by state action that violates the Constitution or the laws of the United States. *Id.* Neither Florida's law governing the trial court's jurisdiction to entertain a post-conviction motion nor the appellate court's "delay" in issuing its mandate amounts to unconstitutional state action.[1] And even if they did, they did not prevent Mr. Happel from filing a federal habeas corpus petition. When the mandate issued on

---

[1] Mr. Happel cites no authority holding that a state court procedural rule can be considered an "impediment" under section 2244(d)(1)(B), and the Court has found none.

December 6, 2018, and jurisdiction returned to the trial court to consider a Rule 3.850 motion, Mr. Happel still had 11 months to either file his state post-conviction motion to toll the AEDPA's limitations period or file a "protective" federal habeas petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (recognizing the procedural mechanism of "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted"); *Gonzalez v. Thaler*, 565 U.S. 134, 153–54 (2012) ("To the extent a petitioner has had his or her federal filing period severely truncated by a delay in the mandate's issuance and has unexhausted claims that must be raised on state habeas review, such a petitioner could file a request for a stay and abeyance from the federal district court."); *accord Palacios v. Stephens*, 723 F.3d 600, 608 (5th Cir. 2013) (applying *Pace* in determining that "two weeks was enough time to allow Palacios to take action to preserve his federal rights" by filing a "protective petition"); *Madden v. Thaler*, 521 F. App'x 316 (5th Cir. 2013) (state appellate court's 18-month delay in issuing mandate did not constitute state-created impediment to petitioner's filing for federal habeas relief, even though delay prevented petitioner from filing his state application for post-conviction relief, where delay did not prevent petition from filing timely protective federal habeas petition and seeking a stay of the federal limitations period). Because Mr. Happel fails to show that any State-created impediment prevented him from timely filing his federal habeas petition, he does not demonstrate that

section 2244(d)(1)(B) applies to determine the date upon which his limitations period began.

B. Mr. Happel fails to show entitlement to equitable tolling

Mr. Happel argues that if his petition is not timely under section 2244(d)(1)(B), he is entitled to equitable tolling of the statute of limitations between November 6, 2018, and December 6, 2018, because he could not file his Rule 3.850 motion then, since the appellate court mandate did not issue until December 6. (Doc. 14 at 3–4). To establish that equitable tolling applies, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. 408, 418 (2005)). A petitioner must also "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. "As an extraordinary remedy, equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly." *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014).

Equitable tolling is unwarranted here because Mr. Happel did not act with "reasonable diligence" in challenging his convictions. *Holland*, 560 U.S. at 653. Counsel represented him during his Rule 3.850 proceedings. (Doc. 11-2 at 33–77).

But had he proceeded *pro se*, Mr. Happel is "deemed to know of the one-year statute of limitations." *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013). Even if the delay in issuing the appellate court mandate for 30 days after the AEDPA's limitations period started could be considered an extraordinary circumstance, Mr. Happel waited 365 days after the appellate court mandate was issued to file his state Rule 3.850 motion. (*Id.*). This "lack of diligence" "left him with a precarious . . . window in which to ensure his federal petition was filed." *Oliver v. Cline*, 573 F. App'x 814, 815 (10th Cir. 2014). Mr. Happel does not explain why he waited so long to file his state post-conviction motion. Had he acted sooner on the front end, he would have had enough time on the back end to prepare and file a section 2254 petition. Without any explanation for the nearly year-long delay, this Court cannot find that Mr. Happel was "diligent in pursuing his postconviction claims." *Delguidice v. Fla. Dep't of Corr.*, 351 F. App'x 425, 429 (11th Cir. 2009) (no equitable tolling where petitioner "waited until two days before the expiration of [the AEDPA] deadline to file his first Rule 3.850 motion"); *see also Trimble v. Hansen*, 764 F. App'x 721, 726 (10th Cir. 2019) ("[Petitioner] has offered no explanation for delaying his petition for state postconviction relief until two days before the [AEDPA limitation period expired]. Without a compelling explanation for that delay (and he offers none), we cannot credit him with acting diligently in pursuing his rights."); *Betancourt v. Sec'y, Dep't of Corr.*, 2023 WL 113051, at *3 (M.D. Fla. Jan. 5, 2023) (declining to grant equitable tolling where

petitioner "allowed 362 days, nearly the entire AEDPA limitation period, to elapse before filing his state postconviction motion").

In sum, Mr. Happel's lack of diligence precludes the application of equitable tolling.

C. Mr. Happel fails to present a colorable claim of actual innocence

Finally, Mr. Happel contends that the AEDPA's statute of limitations does not bar his petition because he is actually innocent. (Doc. 8 at 11–12; Doc. 14 at 4–5). A petitioner's actual innocence, if proved, allows for a court to review the petitioner's untimely section 2254 petition. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But "[t]o be credible, . . . a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Mr. Happel does not do that here. He has not come forward with any new reliable evidence. Rather, he merely states that video surveillance footage and gun residue testimony from an expert witness would prove his actual innocence. (Doc. 8 at 11–12). Mr. Happel's assertion, without actual evidence, fails to establish his actual innocence for purposes of reviewing his untimely petition. *See Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that a claim of actual innocence must be supported by "reliable evidence not presented at

trial"); *Sibley v. Culliver*, 377 F.3d 1196, 1206 (11th Cir. 2004) ("Sibley's actual innocence claim is hindered at the outset by a fatal shortcoming-he has not presented any actual evidence to the district court.").

Accordingly, it is **ORDERED** that:

1. Respondent's motion to dismiss the petition (Doc. 11) is **GRANTED**. The petition (Doc. 2) is **DISMISSED** as time-barred.

2. The Clerk is directed to enter judgment against Mr. Happel, terminate any pending motions and deadlines, and close this case.

**CERTIFICATE OF APPEALABILITY**

Mr. Happel is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1). To obtain a COA, Mr. Happel must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Mr. Happel cannot satisfy the second prong of the *Slack* test. And because Mr. Happel is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED in Tampa, Florida, on November 16, 2026.**

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE